**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daimeon Mosley, | No. CV-20-01931-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Albertsons LLC, | |
| Defendant. | |

Before the Court is Plaintiff Daimeon Mosley's ("Plaintiff") Motion for Default Judgment. (Doc. 11.) Plaintiff moves the Court to enter default judgment against Defendant Albertsons LLC ("Defendant") for violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et. seq. in three of Defendant's grocery stores located in Scottsdale, Arizona. (Id. at 1.)

Originally, this case was assigned to a Magistrate Judge. (Doc. 3.) However, while Plaintiff consented to magistrate judge jurisdiction, Defendant did not. (Doc. 6.) Thus, pursuant to General Order 18-20, Plaintiff's Motion for Default Judgment is now before this Court.[1] After review and consideration, the Court issues the following ruling.

---

[1] General Order 18-20 states in relevant part:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

**IT IS ORDERED** that the Magistrate Judge will prepare the dismissal order for signature of the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to

|   |   |
|---|---|
| 1 | The Court considered whether to grant default judgment in its March 4, 2021 Order, |
| 2 | and concluded that, although Plaintiff had satisfied most of the factors set forth in <u>Eitel v.</u> |
| 3 | <u>McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986) and its progeny, Plaintiff had failed to |
| 4 | allege with specificity whether it was "readily achievable" for Defendant to remove |
| 5 | architectural barriers in its restroom facilities as defined in the ADA and its associated |
| 6 | regulations. (Doc. 12 at 7-8, citing <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 3d 998, 1008 |
| 7 | (C.D. Cal. 2014).) Rather than deny the motion outright, the Court required Plaintiff to file |
| 8 | a supplement addressing the deficiency in the Complaint as it pertained to architectural |
| 9 | barriers. (<u>Id.</u> at 9.) |
| 10 | On March 12, 2021, Plaintiff filed a Supplement. (Doc. 13.) The Supplement asserts |
| 11 | that it is readily achievable within the meaning of the ADA for Defendant to remove the |
| 12 | architectural barriers, as "many of the items [creating architectural barriers] are just in the |
| 13 | wrong place, and the items that need to be purchased each cost less than $50.00." (<u>Id.</u> at |
| 14 | 3.) Considering the proposed modifications to Defendant's restroom facilities, the Court |
| 15 | concludes Plaintiff has satisfied his burden set forth in <u>Lopez v. Catalina Channel Express,</u> |
| 16 | <u>Inc.</u> to plead facts that tend to show "that the suggested method of barrier removal is readily |
| 17 | achievable under the particular circumstances." 974 F.3d 1030, 1035 (9th Cir. 2020). |
| 18 | Having satisfied the final outstanding <u>Eitel</u> factor, the Court concludes that Plaintiff is |
| 19 | entitled to default judgment against Defendant. |
| 20 | Furthermore, on May 14, 2021, the Court ordered Plaintiff to serve a copy of his |
| 21 | motion for default judgment and the Court's order on Defendant by May 26, 2021. (Doc. |
| 22 | 14 at 1.) The Court further directed Defendant to answer or otherwise respond in this matter |
| 23 | on or before June 9, 2021, or the Court would enter default judgment against it. (<u>Id.</u> at 2.) |
| 24 | On May 27, 2021, Plaintiff filed a Certificate of Service with the Court. (Doc. 15.) |
| 25 | However, Defendant has not responded and the time to do so has passed. |
| 26 | Therefore, the Court will grant Plaintiff's Motion for Default Judgment and any |
| 27 | |
| 28 | review and, if deemed suitable, to sign the order of dismissal on my behalf: Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee |

- 2 -

appropriate declaratory and injunctive relief. The Court invites Plaintiff to file a motion for fees or non-taxable costs consistent with LRCiv 54.2 within **fourteen (14) days** of the issuance of this Order.

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff Daimeon Mosley's Motion for Default Judgment. (Doc. 11.)

**IT IS FURTHER ORDERED declaring**, consistent with 28 U.S.C. § 2201(a), that the architectural barriers encountered by Plaintiff Daimeon Mosely at Defendant Albertsons LLC's facilities, as identified in the Complaint, constitute discrimination against Plaintiff Daimeon Mosley in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et. seq.

**IT IS FURTHER ORDERED** that Defendant Albertsons LLC, its successors, and/or assignees shall remediate all barriers to accessibility as identified the Complaint by modifying, constructing, or reconstructing all of the deficiencies identified in the Complaint to comport in all respects with the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et. seq. and 28 C.F.R. Part 36.

**IT IS FURTHER ORDERED entering** judgment against Defendant Albertsons LLC and in favor of Plaintiff Daimeon Mosley. The Clerk of Court is directed to terminate this matter.

**IT IS FURTHER ORDERED directing** the Clerk of Court to send a copy of this Order to Defendant Albertsons LLC's address as provided in Plaintiff's Declaration of Service. (Doc. 7.)

**IT IS FURTHER ORDERED** that Plaintiff Daimeon Mosley shall, within **fourteen (14) days** of the issuance of this Order, file a motion in this Court for fees or non-taxable costs consistent with Rule 54.2 of the Local Rules of Civil Procedure.

Dated this 2nd day of July, 2021.

Honorable Stephen M. McNamee
Senior United States District Judge